NARCISO REY, Appellant, *v.* REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1173. Submitted November 5, 1945.—Decided February 28, 1946.

*(!. Domínguez Rubio* for appellant.

Mr. Justice Snyder delivered the opinion of the court.

The Collector of Internal Revenue attached a farm belonging to Heraclio Rivera González to collect back taxes. After publication, the farm was purchased at public sale by Narciso Rey for the amount of the taxes. Pointing out that the registry recited that Rivera was married but did not give the name of his wife, the registrar refused to record the certificate of sale on the ground that the wife of Rivera had been deprived of her right to be notified of the attachment and sale. The case is here on administrative appeal from the ruling of the registrar.

Sections 339, 340 and 342 of the Political Code describe the procedure for attachment and sale of real property for unpaid taxes. Said Section provides that notification shall be by publication and also as provided in § 336, which states that notice shall be served "by leaving a copy thereof with the debtor himself or any member of his family or attendants of legal age, and record of such service shall be noted down by the collector, or agent, for subsequent action. When the collector, or agent, fails to find any member of said debtor's family or attendants, he shall call in two neighbors as witnesses of the service of the notice of attachment, and he shall leave said notice in the hands of said witnesses, or, if no witness be found willing to receive the notice, the same shall be posted or attached to the goods, chattels or other

property of the said debtor, whereupon the notice shall be considered as having been served upon the debtor.''

The certificate of purchase recites that notification was served ''on Natalio Rivera, as a relative of legal age, by delivery of a copy of the notice of attachment.'' The registrar does not argue that the whereabouts of Rivera or his wife were disclosed by the registry. The case is therefore distinguishable on its facts from *Soto* v. *Registrar,* 58 P.R.R. 16. However, to avoid any possible doubt, we make it clear that the *Soto* case should not be read as requiring that the collector do more than make an effort to find the taxpayer at his residence in order to serve him. If the collector does not find the taxpayer at his residence, under § 336 the notice may be left with a member of the family of legal age as was done here. The service effected in this case therefore constituted service on both Rivera and his wife pursuant to § 336.

The registrar also noted as a curable defect that the certificate did not indicate to whom Natalio Rivera was related. We do not agree with this position. In reciting that service had been made on a relative, the certificate obviously referred to a relative of the delinquent taxpayer.

The registrar will be directed to record the certificate of sale with the curable defect that the dimensions of the farm are not expressed according to the metric system.